**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Alberto Jara-Candia,   )<br>   )<br>   Petitioner,   )<br>   )<br>vs.   )<br>   )<br>United States of America,   )<br>   )<br>   Respondent.   )<br>   ) | CASE NO. CV-06-165-TUC-FRZ<br>            CR-05-667-TUC-FRZ<br><br>**ORDER** |

Petitioner has filed a "Motion to Modify and Correct Sentence Pursuant to Title 28 U.S.C. §§ 2255."

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, in relevant part, that

> [i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255.

**Background**

Pursuant to a plea agreement, Petitioner entered a plea of guilty to Count Two of the Indictment, which charged him with knowingly and intentionally possessing cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II).

Pursuant to the plea agreement, Petitioner waived "any and all motions, defenses, probable cause determinations, and objections which [he] could assert to the indictment or to the Court's entry of judgment against [him] and imposition of sentence upon [him] consistent with [the plea] agreement." In addition, Petitioner waived "any right to collaterally attack [his] conviction and sentence under Title 28, United States Code, Section 2255."

The plea agreement provided for a sentencing range of 37-71 months. At sentencing, the Court imposed a sentence of forty-one months, departing below the United States Sentencing Guideline (U.S.S.G.) range: (1) "[p]ursuant to the Plea Agreement based on § (5K3.1) Early Disposition Program and savings to the government by early plea and waiver of appeal" and (2) "[p]ursuant to the Plea Agreement based on § 5k2.0."

**Discussion**

**A.   Ineffective Assistance of Counsel**

    **1.   Ineffective Assistance in Plea Agreement**

It appears that Petitioner may be asserting a claim of ineffective assistance of counsel relating to his decision to plead guilty. Petitioner alleges that "defense counsel misrepresented and misadvised the plea to defendant about the condition of his plea bargain, specifically inquired by Defendant, in as much as counsel knew that defend[a]nt's whole behavior and guilty plea was structured to avoid a plea agreement that would not result in a long sentence or a prison time" and that Petitioner "detrimentally rel[ied] on counsel's advi[c]e, [and] pleaded guilty to the charges."

When a defendant is represented by counsel during the plea process and pleads guilty based upon the advice of counsel, the defendant can "'only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel'" was outside "'the range of competence demanded of attorneys in criminal cases'" **and** was prejudicial. *Hill v. Lockhart*, 474 U.S. 52, 56-59, 106 S. Ct 366, 369-70, 88 L. Ed. 2d 203 (1985) (quoting *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d

235 (1973), and *McMann v. Richardson,* 397 U.S. 759, 771, 90 S. Ct. 1441, 1449, 25 L. Ed. 2d 763 (1970)).  "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59, 106 S. Ct. at 370.

Petitioner does not specify what advice counsel gave that fell outside the range of competence for criminal attorneys.  Moreover, Petitioner faced a significantly more serious sentence had he been found guilty after a trial.  He does not dispute that his Adjusted Offense Level was 30 and that he had a Criminal History I.  Under the Sentencing Guidelines, the sentencing range for an Offense Level 30 and Criminal History I is 97-121 months. Petitioner has failed to demonstrate any reasonable probability that, when his "whole behavior" was structured to avoid a long prison sentence, he would have proceeded to trial facing a sentencing of 97-121 months, rather than accept a plea agreement which capped his sentence at 71 months.[1]  Accordingly, Petitioner's claim fails.  *See Pollard v. White*, 119 F.3d 1430, 1435 (9th Cir. 1997) (Court "do[es] not have to evaluate both prongs of the [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] test if the defendant fails to establish one.").

### 2. **Ineffective Assistance at Sentencing**
#### a. **Aberrant Behavior**

Petitioner alleges that his counsel was ineffective at sentencing because his attorney failed to request a downward departure based on Petitioner's aberrant behavior.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show both that his counsel's representation fell below an objective standard of reasonableness **and** that

---

[1]Moreover, had Petitioner proceeded to trial, he would have also faced trial on Count One (conspiracy to possess with the intent to distribute cocaine), Count Three (conspiracy to import cocaine), and Count Four (importation of cocaine).  In the plea agreement, the government agreed to dismiss these counts.

- 3 -

1  counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S.
2  668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

3  Petitioner was not entitled to a downward departure based on his aberrant behavior.
4  Under U.S.S.G. § 5K2.20(c)(3), the Court *cannot* depart downward based on aberrant
5  behavior if the offense is a "serious drug trafficking offense." The Sentencing Commission
6  defines a "serious drug trafficking offense" as "any controlled substance offense under title
7  21, United States Code, other than simple possession under 21 U.S.C. § 844, that provides
8  for a mandatory minimum term of imprisonment of five years or greater, regardless of
9  whether the defendant meets the criteria of § 5C1.2 . . . ." U.S.S.G. § 5K2.20 n.1.

10  Petitioner was charged with, and pled guilty to, a serious drug trafficking offense. *See*
11  21 U.S.C. § 841(a)(1) and (b)(1)(A). Therefore, he was not entitled to a downward departure
12  based on his aberrant behavior and his attorney's failure to request this departure did not
13  prejudice the defense. *See Strickland*. Thus, this claim of ineffective assistance of counsel
14  fails. *See Pollard*.

### b.   Deportable Alien Status

17  Petitioner alleges that his counsel was ineffective at sentencing because his attorney
18  failed to request a downward departure based on Petitioner's status as a deportable alien.

19  First, the Court was well aware at sentencing of Petitioner's status as a deportable
20  alien. Even if Petitioner's attorney had made the argument that the Court should depart
21  downward based on Petitioner's status as a deportable alien, this Court, in its discretion,
22  would not have departed downward. *See Lizarraga-Lopez v. United States*, 89 F. Supp. 2d
23  1166, 1170 (S.D. Cal. 2000) (concluding that defendant's "status as a deportable alien was
24  squarely within the 'heartland' of the Sentencing Guidelines and was specifically accounted
25  for in the early release statute"); *United States v. Martinez-Villegas*, 993 F. Supp. 766, 781
26  (C.D. Cal. 1998) (denying downward departure based on deportable alien status and noting
27  that "the Ninth Circuit has shown a reluctance to allow deportability status as a basis for a
28  downward departure"); *cf. United States v. Davoudi*, 172 F.3d 1130, 1133-34 (9th Cir. 1999)

1  (upholding district court's discretionary decision not to depart downward based on
2  deportable alien status).

3        Second, Petitioner notes that a "Memorandum to all Prosecutors (Federal) dated April
4  28, 1995," instructs federal prosecutors to recommend a one or two level downward
5  departure "in exchange for the alien's concession of deportability." Petitioner has presented
6  no evidence that he agreed to accept a final deportation order. Nor does he address whether
7  the United States Attorney for this District has chosen to make a downward departure
8  recommendation in exchange for a such an agreement, or whether this eleven-year-old
9  memorandum is still in effect.

10        Finally, to the extent Petitioner may be asserting an equal protection argument when
11  he asserts that "he will be confined to a higher security than a comparable [A]merican
12  counterpart on accounts of factors unrelated to moral worthiness and be subjected to more
13  severe puni[s]hment" because he is required to spend "the last 10% of his sentence [in a
14  deportation center rather than in] minimum security confinement," the Court notes that the
15  Ninth Circuit Court of Appeals rejected Petitioner's argument in *McLean v. Crabtree*, 173
16  F.3d 1176 (9th Cir. 1999). In that case, the Ninth Circuit found that there was no equal
17  protection violation and held that "excluding prisoners with detainers from participating in
18  community-based treatment programs, and consequently from sentence reduction eligibility,
19  is at least rationally related to the BOP's legitimate interest in preventing prisoners from
20  fleeing detainers while participating in community treatment programs." *Id.* at 1186.

21        Because Petitioner's counsel's failure to seek a downward departure based on
22  Petitioner's deportable alien status did not prejudice the defense, this ineffective assistance
23  claim fails. *See Pollard*.

24        **c.**    **Fast Track/Early Disposition**

25        Petitioner contends his attorney was ineffective because his attorney failed to seek
26  downward departures pursuant to U.S.S.G. § 5K2.0 based on Petitioner's compliance with
27  "the requirements of the 'Fast Track' program" and U.S.S.G. § 5K3.1 based on his
28

compliance with an "Early disposition" program.    These claims fail because the Court, pursuant to the plea agreement, did depart downward on these grounds.

**Conclusion**

In light of the foregoing,

**IT IS ORDERED** that Petitioner's § 2255 Motion (U.S.D.C. document #25 in CR-05-667-TUC-FRZ) is **DENIED** and this case (CV-06-165-TUC-FRZ) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL SERVE** a copy of the Motion and this order on Respondent and **SHALL SERVE** a copy of this order on Petitioner.

DATED this 6th day of April, 2006.

*[signature]*
FRANK R. ZAPATA
United States District Judge